## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**HARVEY JACKSON,**

**Defendant.**                                        **No. 06-CR-30136-DRH**

## <u>ORDER</u>

**HERNDON, Chief Judge:**

Now before the Court is Jackson's letter to the Court which the Court construed as a motion to reduce sentence (Doc. 72). Specifically, Jackson asks the Court to reduce his sentence based on an acceptance of responsibility calculation. Based on the following, the Court dismisses the motion for want of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial based on new

evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, the Court cannot consider Jackson's motion. **Rule 35** is inapplicable because this motion is brought four years *after* the imposition of sentence (Jackson was sentenced on November 15, 2007); it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the *Government* has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Jackson could bring this motion is a **§ 2255** collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**. After reviewing the pleadings, it is unclear whether Jackson intends to pursue a collateral attack.[1] Because the Court finds that Jackson's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

---

[1]In the event that Jackson wishes to file a collateral attack, the Court advises Jackson to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.

Accordingly, the Court dismisses for want of jurisdiction Jackson's motion to reduce sentence (Doc.72).

**IT IS SO ORDERED.**

Signed this 23rd day of February, 2012.

David R. Herndon
2012.02.23
15:35:38 -06'00'

Chief Judge
United States District Court